MR. JUSTICE MORRISON,
dissenting:
I would reverse and remand for a new trial holding that it was error to permit the investigating officer to give opinion testimony regarding the cause of this accident.
This Court has been liberal in allowing law enforcement officers to testify about the cause of an accident. The time has come to reevaluate our evidentiary position.
Some law enforcement officers have, through training, acquired some knowledge which may allow them to properly testify as expert witnesses on matters of accident reconstruction. However, the training of these officers should be confined to those areas where they do have some expertise. For instance, an officer may be able to estimate speed from skid marks. Likewise, an officer may be able to determine a point of impact from gouge marks and debris. On the other hand, there is no basis for an officer testifying that the *451 cause of an accident was failure to yield the right-of-way because alcoholic beverages were consumed. This type of opinion testimony is totally lacking in foundation. The officer is in no better position to draw such a conclusion than are individual jurors. We would not allow the officer’s opinion reflected in the issuance of a ticket for traffic violation, to be admitted into evidence. Likewise the officer’s oral testimony about his opinion regarding law violations should not receive our judicial blessing.
The admission of the officer’s testimony in this case exceeds even the precedent previously set by this Court. I believe the time has come to rein in the testimony of law enforcement officers and properly confine that testimony to those areas where the officer actually has some expertise apart from that held by our people generally. Therefore, I would reverse and remand for a new trial.